UNITED STATES DISTRICT COURT
For The Eastern District of Michigan
Southern Division

NATHANIEL M. CAMPBELL, III,

    Plaintiff,

v.                                      Case No: 2:19-cv-12383-NH
                                       HON:

UNITED STATES OF AMERICA

    Defendants.

---

Robert Gittleman (P14025)
Tracie R. Gittleman (P45176)
**ROBERT GITTLEMAN LAW FIRM, PLC**
Attorneys for Plaintiff
31731 Northwestern Highway, Suite 101E
Farmington Hills, Michigan 48334
(248) 737-3600
info@gittlemanlawfirm.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this Court.

s/ **ROBERT GITTLEMAN** (P14025)

NOW COMES Plaintiff, NATHANIEL M. CAMPBELL, III, by his attorneys, **ROBERT GITTLEMAN LAW FIRM, PLC**, by ROBERT GITTLEMAN, and for his Complaint against Defendant, states unto this Honorable Court as follows:

1	This is an action arising under the Federal Tort Claims Act 28 USC 2671 et. seq.  This Court is vested with jurisdiction pursuant to 29 USC 1346B.

2.	United States of American either enables, funds, operates, partially operates and/or insures a healthcare facility known as Hamilton Community Health Network, Inc., City of Flint, County of Genesee, State of Michigan, which filed as a domestic nonprofit corporation.

3.	Plaintiff is a resident of the City of Flint, County of Genesee, State of Michigan, and shall hereinafter be referred to as "Plaintiff".

4.	Defendants were engaged in the practice of general family dentistry, at all times mentioned herein for valuable consideration.

5.	Miriam Louise Parker, DDS, is an owner, agent, employee, servant and/or independent contractor of Hamilton Community Health Network, Inc., (hereinafter referred to as "Hamilton") and practices dentistry at the office of Hamilton, located at 2900 N. Saginaw, Flint, Michigan, and at all times mentioned herein for valuable consideration, and is covered for malpractice tort claims by the Federal Tort Claims Act, and will hereinafter, be referred to, along with the United States of America, as "Defendants", which will mean each party, individually and together.

6.	Jasmina Saric, D.D.S., is an owner, agent, employee, servant and/or independent contractor of Hamilton Community Health Network, Inc., (hereinafter referred to as "Hamilton") and practices dentistry at the office of Hamilton, located at 2900

N. Saginaw, Flint, Michigan, and at all times mentioned herein for valuable consideration, and is covered for malpractice tort claims by the Federal Tort Claims Act, and will hereinafter, be referred to, along with the United States of America, as "Defendants", which will mean each party, individually and together.

7. Nasar Khan, D.D.S., is an owner, agent, employee, servant and/or independent contractor of Hamilton Community Health Network, Inc., (hereinafter referred to as "Hamilton") and practices dentistry at the office of Hamilton, located at 2900 N. Saginaw, Flint, Michigan, and at all times mentioned herein for valuable consideration, and is covered for malpractice tort claims by the Federal Tort Claims Act, and will hereinafter, be referred to, along with the United States of America, as "Defendants", which will mean each party, individually and together.

8. Each Defendant, while practicing dentistry at Hamilton, held himself/herself out to the public as possessing the necessary degree of care, skill, diligence and attention utilized by similar dentists, and in similar communities in the care and treatment of patients.

9. Hamilton in operating its medical and/or dental health center, held itself out to the public to utilize that degree of care, skill, diligence and attention utilized by healthcare facilities generally in the community, and similar communities, in the care and treatment of patients, including dental patients.

10. Defendants, Hamilton and/or Dr. Miriam Louise Parker, D.D.S., at all times mentioned herein, had in their employ, among others, doctors, dentists, nurses, dental assistants, other dental aides, interns, residents, students and other healthcare personnel,

over which either or both exercise exclusive control and supervision, with the right to employ and discharge such personnel.

11. At all times herein, Plaintiff, Nathaniel M. Campbell, III, was eligible for and did receive medical/dental care at Hamilton and more specifically, was under the dental care of each dentist and other personnel stated in paragraph 5, 6 and 7, at that facility.

12. On March 13, 2018, Plaintiff presented to Hamilton and was first assigned by Dr. Parker to Dr. Khan and/or Dr. Saric, for dentistry because each holds himself/herself out as a general family dentist, who is also a surgical dentist, even though Dr. Khan possessed a limited license, and each Defendant dentist advised Plaintiff that immediate extraction of tooth #17 was necessary; and Plaintiff put himself under the care of each Defendant dentist, relying on their expertise as licensed competent dentists, and on their advice for a valuable consideration.

13. Defendants, including doctor Park, Khan and Saric, had a duty to ensure the extraction surgery treatment to tooth #17 was performed under sterile conditions and with reasonably adequate antibiotics, pretreatment and post-treatment, to prevent post-treatment infections, perform surgery without fracturing Plaintiff's jaw and prevent traumatizing Plaintiff's trigeminal nerve, including left inferior alveolar nerve (IAN) and left lingual nerve and chorda tympany nerves – cranial nerves #5 and #7, but notwithstanding said duties, Defendants caused serious continuing jaw fracture, infections, pain, osteomyelitis and left tongue and chin injuries, abscesses, and continual disabilities, which would not have happened if they used sterile technique and/or reasonable administration of inferior alveolar block injection and safe surgical technique to prevent jaw fractures, nerve trauma and negligent failure to diagnose and treat jaw fracture or

nerve trauma from substandard injection and/or surgical technique and reasonable follow up care to prevent infection, prevent exacerbation of iatrogenic injuries including to the mandibular hard and soft tissues, including in and around tooth #17, and prevent worsening tongue, lip and chin numbness and loss of taste, but because Defendants were negligent in each of the aforementioned techniques, Plaintiff incurred the aforementioned damages, including jaw fracture and subsequent multiple jaw surgeries.

14. After Defendants' extraction treatment, Plaintiff serially returned to their office beginning March 15, 2018 and Defendants continually reassured Plaintiff the pain or infection, numb tongue, lip, chin and taste loss pathology was temporary and would shortly abate, and failed to prescribe proper treatment medications or antibiotics, and refused to timely refer Plaintiff to a micro-surgeon or infectious disease physician at Plaintiff's post-operative visits when Defendants knew or should have known Plaintiff was suffering from the above injuries and severely fractured jaw, causing pain, reduced mouth opening and inability to property masticate.

15. Defendants had a duty to timely refer Plaintiff to a competent practitioner, but failed to do so, thereby depriving Plaintiff of the free choice of competent practitioners, resulting in Plaintiff's injuries, which would not have occurred but for Defendants' failure. refusal or neglect to either refer Plaintiff to a competent practitioner or ever properly treat Plaintiff's injuries Defendants caused.

16. Defendants had a duty to inform Plaintiff of the risk of infection, jaw fractures, trigeminal nerve injuries or chorda tympany nerve injuries before their treatment began and from their treatment, so Plaintiff could make informed choices whether to allow

Defendants to perform treatment at each dental visit, but Plaintiff was not so informed so could not intelligently decline their negligent treatment procedures.

17. As a direct and proximate result of Defendants malpractice, Plaintiff sustained severe injuries which were painful, disabling and necessitated subsequent professional care, and were accompanied by shock, emotional disturbances, humiliation, embarrassment and aggravation of pre-existing conditions, preventing Plaintiff from attending to normal affairs, render services as formerly done and hamper the enjoyment of normal pursuit of life which will or could prevent Plaintiff from enjoying the same state of well being as prior to Defendants negligent treatment.

18. Defendants had exclusive control over the body of Plaintiff and the instruments causing Plaintiff's injuries, which injuries are of a kind that do not occur in the absence of dental negligence/substandard care that proximately caused Plaintiff's injuries.

19. Defendants had a duty to ensure the extraction to tooth #17, including preoperative nerve block injections, were performed without injuring Plaintiff's fifth and seventh cranial nerve, including lingual and chorda tympany nerve and inferior alveolar nerve (IAN), but notwithstanding such duty, during the procedure, Defendants injured the left lingual nerve and IAN by improperly placed nerve block injections and/or improperly instrumenting Plaintiff's jaw which would not have happened if Defendants used careful technique in injecting and/or instrumenting, including causing trauma to the lingual and chorda tympany nerve and IAN by mechanically rough, non-gentle instrumentation with sufficient force and volume to traumatize Plaintiff's lingual nerve and IAN directly or indirectly, destroying function of the lingual nerve and IAN, and chorda tympany nerve.

20. After completing the procedure, Defendants continually reassured Plaintiff the jaw pain and numbness or freezing would shortly abate, and jaw pain and numbness was completely normal, and that Plaintiff should not be concerned about the numbness feeling in the face/lip/gum/chin/tongue; however, the feeling did not return to the face/lip/gum/tongue/chin area and, in fact, the numbness and freezing sensation continued without relief. The reduced jaw function and opening continually worsened.

21. In May and June 2018, Plaintiff sought other dental/medical treatment because of the continued oral dysfunction and it was determined Plaintiff suffered likely permanent and total anesthesia of the lingual and chorda tympany nerve and IAN from which numbness would likely never go away and has not up to this very day, and fractured jaw.

22. Defendant agreed to pay Plaintiff's treatment bills for surgery and clinical treatment by University of Michigan doctors but then refused to be responsible for Plaintiff's treatment, causing Plaintiff not to receive needed treatment from Defendants' improper surgical technique of surgical extraction causing Plaintiff's injuries.

23. As a result of the substandard improper treatment and failure to pay University of Michigan for Plaintiff's needed treatment, Plaintiff has incurred severe, permanent numbness and anesthesia of the lip/gum/chin/tongue with reduced ability to chew, bite, with sensitivity reduced; and reduced ability to speak, impaired feeling to pressure and kissing, impaired hot/cold sensitivities, and sensation that tissues are too large, all of which are permanent, which would not have occurred if the treatment/technique were properly performed, plus plates and screws surgically placed

in Plaintiff's jaw which require continued treatment that is unavailable to Plaintiff because Defendants refused treatment payments after agreeing to pay for treatment.

24. When Defendant's instruments caused trauma to Plaintiff's soft and hard tissue in and about the lingual and chorda tympany nerve and IAN and the nerve themselves, Defendants should have immediately informed Plaintiff, stopped further extraction surgery and forthwith referred Plaintiff to a specialist to mitigate Plaintiff's injuries, but Defendant neglected to do so worsening Plaintiff's injuries, and in fact withheld this information from Plaintiff and simply continued the surgery worsening Plaintiff's nerve injuries and jaw fracture.

25. Plaintiff has and will continue to undergo extensive, long-term treatments and surgery to attempt to have the wrongful effects of the infection related injuries inflicted by Defendants' wrongdoing mitigated, which has and will cause Plaintiff severe pain, suffering, disability and mental anguish and cognitive depletion.

26. Plaintiff has and will incur large amounts of medical, hospital and dental expense for treatment, and will incur additional medical, hospital and dental expenses, and will lose extensive time from employment, and will also incur at least a partial loss of employability during the treatment periods, which may require a lifetime of treatment and may cause permanent loss of employability, partially or fully, from the extended treatment and/or permanent effects of the injuries involved, both physically and mentally.

27. Defendants misrepresented Defendant's training and/or competence in false and misleading respects to induce Plaintiff to rely on their ability to treat and continually treat Plaintiff, causing Plaintiff's aforementioned injuries.

28. Plaintiff claims as damages any other amount Plaintiff may recover under the laws of the State of Michigan as a result of the violations of any and all administrative codes, as well as Defendant's own rules, regulations, policies and procedures which have, were or could have been a proximate cause of the injuries iatrogenically caused Plaintiffs by Defendants.

WHEREFORE, Plaintiff requests Judgment in favor of Plaintiff against Defendants, jointly and severally, in excess of Twenty-five Thousand Dollars ($25,000), plus interest, court costs and attorney fees.

Respectfully submitted,

**ROBERT GITTLEMAN LAW FIRM, P.L.C.**

s/ Robert Gittleman (P14025)
Attorney for Plaintiff
31731 Northwestern Highway, Ste 101E
Farmington Hills, MI  48334
(248) 737-3600
info@gittlemanlawfirm.com

DATED:  August 12, 2019